UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASHLEY JOHNSON,

                      Plaintiff,

-against-

BRUNOZZI TRANSFER & TRUCK RENTAL, INC. et al.,

                      Defendants.

24-cv-1356 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

      This case arises from a car crash. Defendants removed this case from state court on February 22, 2024, asserting that this Court has jurisdiction under 28 U.S.C. § 1332. On March 22, 2024, Plaintiff moved to remand, asserting that there is not complete diversity of citizenship. Plaintiff's motion is denied.

      In her briefing, Plaintiff confuses personal jurisdiction and subject-matter jurisdiction. Personal jurisdiction concerns whether the defendant has sufficient contacts with the forum state to be sued there. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). By contrast, subject-matter jurisdiction concerns whether a federal court has the power to hear a particular kind of case. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (distinguishing subject-matter jurisdiction and personal jurisdiction).

      Plaintiff argues that there is an "absence of complete diversity" because she is a citizen of New York and defendant Brunozzi Transfer & Truck Rental, Inc. "does business in the State of New York on a regular basis." Dkt. 8 at 2. That argument fails. "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Plaintiff concedes that Brunozzi Transfer & Truck Rental, Inc. is "a New Jersey corporation with a principal place of business in the State of New Jersey." Dkt. 8 at 2. The fact that Brunozzi Transfer & Truck regularly does business in New York does not change its citizenship.

      Instead, that fact is relevant to whether New York courts have personal jurisdiction over Brunozzi Transfer & Truck. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). But just because a state court has personal jurisdiction over a defendant does not mean that a federal court sitting in that same state lacks personal jurisdiction. Quite the contrary: federal courts typically "look to the law of the forum state to determine whether a federal district court has personal jurisdiction over a foreign corporation." *Brown v. Lockheed Martin Corp.*, 814 F.3d

619, 624 (2d Cir. 2016). The fact that New York state courts have personal jurisdiction over Brunozzi, as Plaintiff argues, thus supports the conclusion that this Court has personal jurisdiction over the defendant. And in any event, unlike subject-matter jurisdiction, personal jurisdiction can be waived. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016). Brunozzi Transfer & Truck does not challenge whether this court has personal jurisdiction over it.

      Finally, in her opening brief, Plaintiff argued that Defendants failed to meet their burden of proving that the amount in controversy exceeds the statutory minimum. Dkt. 8 at 5. But in her reply brief, Plaintiff now concedes that she is seeking more than $75,000. Dkt. 10 at 1. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court has no reason to question the amount-in-controversy allegation, as Defendants have submitted documentation that Plaintiff got surgery as well as a steroid injection for her injuries. Dkt. 9-1.

      Accordingly, the motion to remand is denied.

      SO ORDERED.

Dated: April 19, 2024
       New York, New York

ARUN SUBRAMANIAN
United States District Judge